Ernest BOATING, Petitioner,

v.

Michael B. MUKASEY, Attorney General, Respondent.

No. 04–76774.

United States Court of Appeals, Ninth Circuit.

Submitted May 5, 2008.*

Filed May 20, 2008.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Prashanthi Rangan, Korenberg Abramowitz & Feldun a Law Corporation, Sherman Oaks, CA, for Petitioner.

CAC–District Counsel, Esq., Office of the District Counsel Department of Homeland Security, Los Angeles, CA, Ronald E. Lefevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Susan M. Harrison, Esq., Office of the U.S. Attorney, Seattle, WA, for Respondent.

Before: ALARCÓN, GRABER, and RAWLINSON, Circuit Judges.

### MEMORANDUM **

Ernest Boating, a native and citizen of Ghana, petitions for review of the Board of Immigration Appeals's ("BIA") order which affirmed the immigration judge's ("IJ") denial of asylum, withholding of removal under 8 U.S.C. § 1231(b)(3)(A), and relief under the Convention Against Torture ("CAT"). We deny the petition for review because substantial evidence supports the BIA's decision.

### I

 Even assuming that Mr. Boating testified credibly, the BIA's finding that any harm he suffered was not on account of his religion is supported by substantial evidence. The abduction to which he testi-

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

fied arose from an unfulfilled promise made by his mother; the evidence is not such that we are compelled to find that any harm was on account of Mr. Boating's religion. *See Grava v. INS,* 205 F.3d 1177, 1181 n. 3 (9th Cir.2000) (holding that personal retribution is not persecution on account of a protected ground).

### II

■ Substantial evidence also supports the BIA's finding that Mr. Boating "could safely relocate to a major city in Ghana without fear of persecution." For example, he lived in Accra from 1995 to 2002 without incident.

### III

Because Mr. Boating failed to prove his asylum claim, he necessarily failed to meet the more stringent standard for withholding of removal. *Mansour v. Ashcroft,* 390 F.3d 667, 673 (9th Cir.2004). Similarly, with respect to the CAT claim, he failed to establish that it is "more likely than not" that he would be tortured if removed to Ghana. *Arteaga v. Mukasey,* 511 F.3d 940, 948 (9th Cir.2007).

**PETITION DENIED.**